UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASSANDRA ALVARADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SURESH KHANDEKAR, M.D., et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:23-CV-0593-JPB |

# ORDER

This matter is before the Court on Cassandra Alvarado and Frank Alvarado's (collectively, "Plaintiffs") Motion to Amend Complaint [Doc. 26]. This Court finds as follows:

## PROCEDURAL HISTORY

Plaintiffs filed this medical malpractice action against Dr. Suresh Khandekar and True You Weight Loss-Atlanta, LLC (collectively, "Defendants") on January 9, 2023, asserting two causes of action: (1) professional negligence of Dr. Khandekar and (2) vicarious liability. [Doc. 1-1]. By way of background, Dr. Khandekar performed an endoscopic sleeve gastroplasty on Ms. Alvarado on July 14, 2022. Id. at 2. Plaintiffs allege that two days after the surgery, Ms. Alvarado experienced nausea, vomiting, bloat and dehydration. Id. at 3. Ultimately, it was

determined that Ms. Alvarado's stomach was perforated.  Id.  As a result, Ms. Alvarado underwent emergency surgery that involved repairing the gastric perforation and taking down the endoscopic sleeve.  Id.  The emergency surgery was performed by Dr. Jamil L. Stetler.  Id.

On March 10, 2023, the parties submitted their Joint Preliminary Report and Discovery Plan [Doc. 9], which the Court adopted on March 16, 2023 [Doc. 13]. Pursuant to the plan, amendments to the pleadings were required to be filed no later than thirty days after the filing of the Joint Preliminary Report and Discovery Plan.  Accordingly, the deadline to file amendments to the pleadings was April 10, 2023.

On August 15, 2023, Plaintiffs filed the instant Motion to Amend Complaint.  [Doc. 26].  In the motion, Plaintiffs seek to add two new causes of action:  (1) a claim for attorney's fees and expenses of litigation and (2) a claim for punitive damages.  Defendants oppose Plaintiffs' motion.  [Doc. 29].  The motion is now ripe for review.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2) provides that a party seeking to amend his complaint may do so "only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) also states that "[t]he court should freely give

leave when justice so requires." Even though Rule 15 sets forth a liberal standard for amendment, when the request to amend is filed after the deadline for such motions as delineated in the scheduling order, the party must show good cause why leave to amend the complaint should be granted. Fed. R. Civ. P. 16(b). Because Plaintiffs seek to amend the Complaint after the deadline contained in the scheduling order, the Court will first address the good cause requirement before turning to whether amendment is proper under Rule 15.

The good cause standard precludes modification of a scheduling order deadline unless the deadline cannot be met despite the diligence of the party seeking the extension. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1988). It is well settled that "[g]ood cause may be found where the proposed amendment is based on newly discovered evidence." Sumter Elec. Membership Corp. v. Forestall Co., No. 1:19-CV-88, 2020 WL 12660745, at *2 (M.D. Ga. Dec. 8, 2020); see also Allstate Ins. Co. v. Regions Bank, No. 14-0067, 2014 WL 4162264, at *3 (S.D. Ala. Aug. 19, 2014) ("It cannot reasonably be disputed that newly discovered evidence can supply the necessary good cause under Rule 16(b)(4) to enlarge an expired deadline for amending pleadings.").

In this case, Plaintiffs assert that they discovered new evidence after the deadline to amend and have therefore demonstrated good cause to amend their

Complaint.  Specifically, Plaintiffs argue that on August 8, 2023, they conducted the deposition of Dr. Stetler, who performed the emergency surgery on Ms. Alvarado.  In the deposition, Dr. Stetler testified that he spoke to Dr. Khandekar before performing the emergency surgery.  In Plaintiffs' view, this discovery was important because Dr. Khandekar had previously denied speaking to Dr. Stetler before the surgery.  During the conversation, Dr. Khandekar allegedly asked Dr. Stetler to not "take down" Ms. Alvarado's gastric sleeve.  According to Plaintiffs, this evidence raises "the troubling inference that Dr. Khandekar sought to improperly influence [Ms. Alvarado's] surgeon" to leave the gastric sleeve "in place regardless of the consequences for [Ms. Alvarado's] medical condition." [Doc. 26, pp. 2-3].  Ultimately, Plaintiffs contend that this testimony shows that "Dr. Khandekar was willing to gamble with [Ms. Alvarado's] life for the sake of reducing [his] exposure to a medical malpractice claim."  Id. at 3.

     As explained previously, the deadline to file amendments to the pleadings was April 10, 2023.  Here, Plaintiffs did not move to amend their Complaint until August 15, 2023.  Even though Plaintiffs filed their motion more than four months past the deadline to amend, Plaintiffs' filing was only one week after the discovery of the new evidence.  Because the discovery of new evidence is sufficient to show

good cause and because Plaintiffs acted diligently after learning of the new evidence, the Court finds that the good cause standard is satisfied in this case.

Finding the good cause standard satisfied, the Court must analyze whether amendment is proper under Federal Rule of Civil Procedure 15(a).  As already stated above, Rule 15(a) provides that the Court "should freely give" leave to amend "when justice so requires."  The Supreme Court of the United States has made clear that "this mandate is to be heeded."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Denial of leave to amend is only appropriate in the following circumstances:  (1) where there has been an undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Defendants argue that amendment is improper under Rule 15(a) because any amendment would be futile.[1]  As a general rule, a proposed amendment is futile only if the proposed amendment could not survive a motion to dismiss.  Burger

---

[1] Defendants do not argue that any of the other circumstances warrant denial of the motion to amend.  Indeed, this Court finds that there has not been undue delay or bad faith.  The Court also finds that allowing the amendment would not cause undue prejudice to Defendants.

King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999).  In other words, "[f]utility ensues 'when the complaint as amended is . . . subject to dismissal.'"  Bowles v. Rumph & Assocs., No. 5:21-CV-1624, 2023 WL 3855604, at *2 (N.D. Ala. June 5, 2023) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).

Defendants assert that the new claims are futile because they are "not supported by any evidence whatsoever" and that "[t]he Complaint should not be amended to reflect a claim that has no factual support."  [Doc. 29, p. 13].  Essentially, Defendants disagree with the inferences that Plaintiffs made from Dr. Stetler's deposition testimony.  For instance, Defendants state that Plaintiffs' inferences are "out of touch with the reality of the medical profession."  Id. at 15.

Fact-based arguments, like those presented by Defendants, "are generally not appropriate grounds for opposing a motion to amend a complaint."  Spearman v. Broker Sols., Inc., No. 1:20-CV-4981, 2022 WL 1716438, at *2 (N.D. Ga. Feb. 16, 2022).  In fact, the Court's role at this stage of the proceedings is to determine only the appropriateness of the motion to amend and not to make any factual findings as to the inferences that can be drawn from Dr. Stetler's deposition testimony.  As such, denying on futility grounds is inappropriate in this case.

To summarize, Plaintiffs have shown that good cause exists to amend their Complaint after the deadline set forth in the scheduling order.  The Court also finds that Rule 15 has been satisfied because Plaintiffs did not act with undue delay, Defendants will not be unfairly prejudiced and the amendment would not be futile.  Ultimately, this Court does not find any circumstances which would warrant denial of leave to amend in this matter.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend Complaint [Doc. 26] is **GRANTED**.[2]  The Clerk is **DIRECTED** to docket the Amended Complaint [Doc. 26-1].

**SO ORDERED** this 12th day of December, 2023.

J. P. BOULEE
United States District Judge

---

[2] The Court recognizes that it recently denied Defendants' Motion to Extend Discovery. [Doc. 44].  That denial was based only on the Motion to Extend that was pending before the Court and the arguments contained therein. Defendants are not precluded from filing a new motion requesting an extension of the discovery period based on the filing of the amended complaint.